IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DWAYNE ROLAND BRIDGET**                                                           **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 5:18-cv-6-MTP**

**JUSTIN GREEN,** *et al*.                                                      **DEFENDANTS**

**ORDER DISMISSING ROBIN JONES**

THIS MATTER is before the Court for case-management purposes. Plaintiff filed this civil-rights lawsuit on January 8, 2018. Comp. [1]. On July 23, 2018 a waiver of service was sent to Defendant Robin Jones. *See* [26]. The waiver was not returned. On August 29, 2018, the United States Marshal attempted to serve Jones at her last known address provided by Defendant MTC. *See* [32]. The summons was returned unexecuted because Jones no longer lived at that address and had not provided a forwarding address. *See* [33].

The Court held an omnibus hearing on October 4, 2018. Order [36]. At the omnibus hearing, the Court advised Plaintiff that if he did not provide an address for Defendant Jones then she would be dismissed from this lawsuit for a failure to serve process. *See* [53-1] at 16. The Court then ordered Plaintiff to provide an address for service of process for Defendant Jones by November 9, 2018. Order [36] at 4. Plaintiff did not provide an address.

Special rules govern procedure for service of process in cases filed by plaintiffs proceeding *in forma pauperis*. *Lindsey v. U.S. R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). 28 U.S.C. § 1915(d) provides that '[t]he officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases." *See also* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis*…."). Once the *in forma pauperis* plaintiff

1

has identified the defendants "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants…." *Lindsey*, 101 F.3d at 446 (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). "[I]f the failure to properly serve a defendant is due to any fault on the plaintiff, he is not entitled to rely on the U.S. Marshals. Further, if the plaintiff is made aware of possible defects in service of process, he must attempt to remedy them." *Verrette v. Majors*, 2008 WL 4793197, at *2 (W.D. La Oct. 31, 2008) (citing *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)); *see also Pugh v. Green*, 2019 WL 2372618 (S.D. Miss. June 5, 2019) (dismissing unserved defendant without prejudice after *in forma puaperis* plaintiff failed to provide an address for service of process).

Plaintiff has not provided an address for Defendant Jones. Considering the age of the case, Plaintiff's failure to provide an address for service of process for Defendant Jones, and the Court's warnings to Plaintiff that it was his responsibility to prosecute this matter, Defendant Jones will be dismissed without prejudice for a failure to serve process in accordance with Rule 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant or order that service be made within a specified time.")

IT IS, THEREFORE, ORDERED that Defendant Robin Jones is dismissed without prejudice from this action.

SO ORDERED, this the 6th day of September, 2019.

/s/Michael T. Parker
United States Magistrate Judge