IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DWAYNE ROLAND BRIDGET
# 167410                                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 5:18-cv-6-MTP

JUSTIN GREEN, *et al*.                                                       DEFENDANTS

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion [63] for Request to Void Judgment. Plaintiff objects to the Court's Order [59] granting partial summary judgment and dismissing several Defendants. The Court construes this as a motion for reconsideration under Federal Rule of Civil Procedure 54(b) because a final judgment has not been entered and a claim remains pending. Having considered the Motion and the applicable law, the Court finds that Motion [63] should be denied.

Plaintiff files this Motion to vacate the Court's Order [59] dismissing Defendants Hall, Pennington, Robinson, Sturdivant, Burden, and MTC. Plaintiff asserts that these Defendants should not have been dismissed because he replied to the Motions [45] and [53] for Summary Judgment even though the Court noted in its Order [59] that Plaintiff only responded to Motion [53]. The Court granted Motion [45] for Summary Judgment and granted in part and denied in part Motion [53] for Summary Judgment.

The record reflects that Motion [45] was mailed to Plaintiff at his last known address on January 15, 2019. On February 6, 2019, the Court sent Plaintiff another copy of Motion [45]. On February 25, 2019, Plaintiff filed Response [56] to Motion [53] filed by the MTC Defendants. Response [56] only addressed Plaintiff's claims against the MTC Defendants. The

1

docket does not reflect a response to Motion [45], despite Motion [45] being mailed to Plaintiff twice.

Plaintiff also submits that he has "highly sensitive evidence" that he wants to submit to the Court. Plaintiff alludes to materials but does not state what they are. The Court, however, will not speculate as to what evidence or information Plaintiff is referencing, nor can it consider information not presented.

"Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotations and punctuation omitted). "Under Rule 54(b), the trial court is free to reconsider or reverse its decision for any reason it deems sufficient…." *Id*. (citing *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 185 (5th Cir. 1990)) (internal quotations omitted).

The Court does not find good cause to reconsider Order [59]. Plaintiff had over seven months to address the arguments raised in the motions for summary judgment. He asserts that his Response [56] addressed all of the Defendants and was 8-9 pages long. Mot. [63] at 2. Response [56], however, is five pages long and only addresses the MTC Defendants. The Response does not appear to be missing pages and is signed on page five by Plaintiff with a date below his signature. The argument that pages are missing from his Response is unpersuasive.

Further briefing at this point is futile. All of the MDOC Defendants (Hall, Robinson, Sturdivant, and Pennington) were entitled to summary judgment as a matter of law and Plaintiff has not produced any evidence that would alter that ruling. As to the MTC Defendants, Plaintiff responded to their Motion [53] and there is not good cause to allow Plaintiff to file a sur-reply.

For these reasons, the Court will not reconsider Order [59] granting in part and denying in part summary judgment.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [63] to Void Judgment is DENIED.

SO ORDERED this the 23rd day of October, 2019.

/s/Michael T. Parker
United States Magistrate Judge